**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**MARY OGUINN**                                                                                    **PLAINTIFF**

**V.**                                               **3:21-CV-00159-BRW**

**POINSETT COUNTY, ARKANSAS**                                                   **DEFENDANT**

<u>**ORDER**</u>

Pending are Plaintiff's Motion for Default Judgment (Doc. No. 5) and  Defendant's

Motion to Set Aside Default (Doc. No. 7).

According to the affidavit in the record, Defendant was served on August 10, 2021.[1]  On

September 20, 2021, the Clerk of the Court entered a default as to Defendant.[2]  Defendant filed

its Motion to Set Aside Default and Answer to the Complaint on September 27, 2021.[3]

"Entry of a default judgment . . . [is] committed to the sound discretion of the district

court.  Default judgments, however, are not favored by the law."[4]  Here, Defendant was twenty-

seven days late.[5]  Defendant accepts blame for the delay and asserts that confusion in its office

concerning a state court claim involving the same parties caused it to inadvertently miss the

deadline.

In a case where the answer was twelve days late, the Court of Appeals for the Eighth

Circuit noted that "a marginal failure to comply with the time requirements" and "should be

---

[1]Doc. No. 2.

[2]Doc. No. 4.

[3]Doc. No. 7.

[4]*United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993).

[5]Fed. R. Civ. Pro. 12(a) ("A defendant must serve an answer within 21 days after being servied with the summons and complaint . . . .").

distinguished from dismissals or other sanctions imposed for willful violations of court rules, contumacious conduct, or intentional delays."[6]  The nominal period of delay in this case does not warrant the "drastic remedy" of a default judgment and is contrary to the public policy that cases should be tried on the merits.[7]  Additionally, I see no prejudice to Plaintiff.

Accordingly,  Plaintiff's Motion for Default Judgment (Doc. No. 5) is DENIED and Defendant's Motion to Set Aside Default (Doc. No. 7) is GRANTED.

IT IS SO ORDERED this 28th day of September, 2021.


Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE

---

[6]*Harre*, 983 F.2d at 130.

[7]*American States Ins. Corp. v. Techincal Surfacing, Inc.*, 178 F.R.D. 518, 521 (D. Minn. 1998).